JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0390 AG (JPRx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | ALICIA JASON v. LUCIA GONZALEZ | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

Plaintiff Alicia Jason ("Plaintiff") filed this case in state court, stating a simple cause of action for unlawful detainer. Defendant Lucia Gonzalez ("Defendant") then filed a Notice of Removal, which removed this case from state to federal court. For the reasons that follow, the Court REMANDS the case to state court.

Defendant argues there is federal jurisdiction based on 28 U.S.C. § 1443, which authorizes removal of cases that are

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Courts must apply a two-part test to determine whether a case is properly removed under

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0390 AG (JPRx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | ALICIA JASON v. LUCIA GONZALEZ | | |

§ 1443(1). *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Here, Defendant argues that the statutory scheme in the California Civil Code that authorizes evictions,

> both on its face and as applied[,] discriminates unfairly against Ethnic-Surname Americans (all of whom are presumed to be unfamiliar with legal proceedings and/or illiterate in the English language and therefore ignorant of their rights) and in doing so directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining ownership of property in particular.

(Notice of Removal, Dkt. No. 1, at 6:13-19.) Defendant also claims that California Civil Code § 2924, which generally addresses transfers of interests in real property and trustee liability, violates the federal guarantees of equal protection and due process.

This argument fails for at least two reasons. First, Defendant has failed to show that she asserted, as a defense to the unlawful detainer action, "rights [] given to [her] by [an] explicit statutory enactment protecting equal racial civil rights." *Id.* Second, Defendant has failed to explain how Section 2924, or any other eviction-related statute in California, "purports to command the state courts to ignore the federal rights." *Sandoval*, 434 F.2d at 636. Thus, removal under Section 1443 is not appropriate.

In closing, the Court reminds Defendant that, in unlawful detainer actions, "[s]peedy

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0390 AG (JPRx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | ALICIA JASON v. LUCIA GONZALEZ | | |

adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

Defendant has failed to establish that federal jurisdiction exists over this case. The case is REMANDED to the appropriate state court.

|  |  | : | 0 |
|---|---|---|---|
|  | Initials of Preparer | lmb | |